UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY LAFLEUR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-425 |
| | § | |
| CHARLES A MCCLELLAND, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>OPINION AND ORDER</u>**

Pending before the Court is Defendant's 12(b)(6) Motion to Dismiss Count Six of Plaintiff's Original Petition (Doc. 7) filed by Officer Paula Camp ("Officer Camp"). Plaintiff Gregory LaFleur ("LaFleur") filed a Response (Doc. 14) in opposition. Having considered the pleadings and the applicable law, the Court concludes that the motion should be granted.

**I.     Background**

On January 16, 2013, Plaintiff Gregory LaFleur filed his Original Petition (Doc. 1-4) in Texas state court, and, on February 18, 2013, Defendants Chief Charles A. McClelland, Jr. ("Chief McClelland") and Officer Camp removed the action to this Court. The basic allegation underlying LaFleur's complaint is that he was the victim of a prostitution sting operation run by the Houston Police Department. (Doc. 1-4 ¶¶ 8-10). Specifically, he alleges that Officer Camp approached him, soliciting sex for money, and that a second officer[1] then arrested him, charging him with solicitation of prostitution. (Doc. 1-4 ¶ 8). In his complaint, LaFleur states six causes of action, but only his claim of conspiracy is presently at issue. That claim reads:

> Defendants Officers Camp and Doe conspired to violate Plaintiff's constitutional rights. There was an express or implied agreement between them to deprive Plaintiff of his constitutional rights and an actual deprivation of those rights

---

[1] Identified in the complaint as "Officer John Doe," or "Officer Doe."

1 / 6

through overt acts in furtherance of the agreement. Alternatively, the acts in question clearly raise the inference of a mutual understanding or meeting of the minds between the defendants. Specifically, Defendants conspired to charge Plaintiff with a crime he was not predisposed to commit, and they agreed that Defendant Officer Camp would actually commit the crime of solicitation of prosecution in order to ensnare Plaintiff, an act which is outrageous and shocks the conscience, resulting in unlawful seizure under the Fourth Amendment and denial of Plaintiff's rights to substantive due process under the Fourteenth Amendment.

(Doc. 1-4 ¶ 23).

In her motion to dismiss this claim, Officer Camp argues that under the intracorporate conspiracy doctrine, "[b]ecause the alleged parties to the conspiracy are both employees of the City of Houston Police Department, Plaintiff cannot establish a conspiracy claim." (Doc. 7 ¶ 2). LaFleur responds with two arguments in the alternative: (1) Officer Camp was *not* acting pursuant to official department policy, so the "unauthorized acts" exception to the intracorporate conspiracy doctrine applies, and LaFleur can establish a conspiracy claim; or (2) Officer Camp *was* acting pursuant to official department policy, and LaFleur cannot establish a conspiracy claim, but Defendants should also be barred from denying that this policy was the "moving force" behind any alleged violations. (Doc. 14 at 2-4). In support of this logic, LaFleur refers to two allegedly conflicting affirmative defenses presented by Defendants: Affirmative Defense 9, in which "Defendant Chief McClelland alleges the lack of any custom, practice, policy or procedure which served as the moving force behind any alleged violation, damages or cause of action"; and Affirmative Defense 12, in which Officer Camp contends that she and other officers were "operating within the course and scope of their employment and/or following policy." (Defs.' Answer at 9, Doc. 6).

## II.   Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining the reasonableness of such an inference is "a context-specific task that requires the … court to draw on its judicial experience and common sense." *Id.* at 679. In ruling on a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

## III.  Discussion

In order to state a claim for conspiracy under § 1983, a plaintiff must allege that there was (1) an agreement between private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Regarding the first requirement, the general rule is that the acts of an agent are the acts of the corporation; thus, a "corporation cannot conspire with itself any more than a private individual can." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)) (internal quotation marks omitted). This intracorporate conspiracy doctrine has been extended to entities other than corporations, including police departments and other government agencies. *See, e.g.*, *Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997) (collecting cases), *aff'd*, 158 F.3d 583 (5th Cir. 1998). Therefore, a police department and its officers constitute a single legal entity that "is incapable of conspiring with itself for the purposes of § 1983." *Id.* (citing *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022 (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th

Cir. 1997); *Hilliard*, 30 F.3d at 653). Officers Camp and Doe form just such a legal entity, and LaFleur's argument to the contrary is based on grounds that do not exist and are irrelevant to the ultimate issue.

LaFleur asserts that it is inherently contradictory for Officer Camp, on the one hand, to argue that she was following official policy, and Chief McClelland, on the other hand, to argue that no official policy served as the moving force behind the alleged deprivation of rights. But this assertion obfuscates the significant distinction between any "official policy" and one that serves as a "moving force" under § 1983. Where, as here, a suit is brought against a police chief in his official capacity, it is actually a suit against the municipality itself. *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008). In order to establish municipal liability, a plaintiff must show three elements: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002). In other words, merely identifying an official policy is not enough.

> The third prong requires a plaintiff to prove "moving force" causation. To succeed, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." That is, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." Deliberate indifference is a high standard—"a showing of simple or even heightened negligence will not suffice."

*Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010) (citations omitted). Consequently, there is no inherent contradiction when police officers assert that they were operating within the course and scope of their employment, and their employer, the police department, argues that its policies were not the "moving force" behind any alleged constitutional violations.

More importantly, the real issue in a Rule 12(b)(6) motion is not the sufficiency of the answers to a complaint, but the sufficiency of the complaint itself. With respect to the claim of conspiracy, its facial plausibility depends on LaFleur's basic factual allegation: that multiple officers of the Houston Police Department conducted a prostitution sting operation that led to his arrest. No allegation could more precisely fit the rule that where all of the defendants are members of the same collective entity, no claim of conspiracy can be sustained against them. *Reynosa v. Wood*, 134 F.3d 369, at *2 (5th Cir. 1997) (citing *Hilliard*, 30 F.3d at 653; *Moody v. Jefferson Parish Sch. Bd.*, 803 F. Supp. 1158, 1166 (E.D. La. 1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), *aff'd*, 2 F.3d 604 (5th Cir. 1993); *Hankins v. Dall. Indep. Sch. Dist.*, 698 F. Supp. 1323, 1330 (N.D. Tex. 1988) (high school and its officials); *Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D. La. 1976) (university and its officials), *aff'd*, 562 F.2d 1015 (5th Cir. 1977)). Although the Fifth Circuit has recognized a "possible exception" to this rule where, in rare instances, corporate employees have an independent personal stake in the conspiracy, *Benningfield v. City of Hous.*, 157 F.3d 369, 379 (5th Cir. 1998), in the context of § 1983 conspiracy claims, that exception could possibly apply only where an ostensible agent of the government is, in reality, acting on behalf of private interests, *see Cinel*, 15 F.3d at 1343 (stating that a § 1983 conspiracy requires a private actor who is a "willful participant in joint activity with the State or its agents" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970))); *cf. J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 704 F.2d 787, 795 (5th Cir. 1983) (In the antitrust context, "an important element in this capacity to conspire has been that the separate corporations be in the position of competitors."). Here, where the fundamental allegation underlying all of LaFleur's claims is that police officers together conducted a police operation in

order to effectuate his arrest, there is no possibility of the private action necessary to establish a conspiracy claim.

Finally, though leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a), in this case, repleading a claim for conspiracy against Officers Camp or Doe would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (defining futility "to mean that the amended complaint would [still] fail to state a claim upon which relief could be granted"). As a matter of law, police officers conducting government operations with other police officers are not subject to conspiracy claims under § 1983. Accordingly, this claim must be dismissed.

## IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's 12(b)(6) Motion to Dismiss Count Six of Plaintiff's Original Petition (Doc. 7) is **GRANTED**, and Plaintiff's cause of action for conspiracy is **DISMISSED**.

SIGNED at Houston, Texas, this 11th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE