UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY LAFLEUR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-425 |
| § | |
| CHARLES A MCCLELLAND, JR, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 31), Plaintiff's Motion to Strike Report of Defendants' Expert (Doc. 33), and Plaintiff's Motion to Strike Incident Report (Doc. 34). Having considered the motions, responses, replies, the facts in the record, and the applicable law, the Court concludes Defendants' Motion for Summary Judgment (Doc. 31) should be granted.

### I. Background

This is a Section 1983 case arising from an arrest for hiring a prostitute. On April 3, 2011, Defendant Officer Paula Camp approached Plaintiff Gregory LaFleur at the intersection of Dallas and Main Street in downtown Houston and initiated the following recorded conversation:

Camp: "Hi, how are you?"

LaFleur: "I'm doing wonderful how about yourself?"

Camp: "Not doing too bad I could be better…"

LaFleur: "Like what you need to do to get better?"

Camp: "I need to make some money."

LaFleur: "Like what?"

Camp: "What you mean like what… I need to make some money."

LaFleur: "Well you can come with me."

Camp: "You can come with me."

LaFleur: "Where we gonna go?"

Camp: "Huh?"

LaFleur: "Where we gonna go?"

Camp: "I got a room."

LaFleur: "Huh?"

Camp: "I got a room."

LaFleur: "How much would it take?"

Camp: "mmmm what you looking for? I don't do anal."

LaFleur: "No you don't have to do anal. But you sure look good."

Camp: "Thank you."

LaFleur: "I want all of you."

Camp: "See."

LaFleur: "Yeah."

Camp: "I give you a suck n' a fuck for fifty."

LaFleur: "We can do that."

Camp: "Alright."

LaFleur: "You're not no, you're not a police officer are you?"

Camp: "No I'm gonna get my room key. Let's roll."

LaFleur: "Let's go."

Camp: "Hold on which…"

>   LaFleur: "How did I run into you?"
>
>   Camp: "You ran right into me, you ran right up into me."

Doc. 31 at 3. Camp placed her purse on the ground, signaling to Defendant Sergeant B. Klevens to send an arrest team. Two plainclothes officers arrested LaFleur. The Harris County District Attorney's Office filed charges against LaFleur for solicitation of prostitution. LaFleur, a former NFL player, was terminated as Director of Athletics of Southern University and A&M College in Baton Rouge, Louisiana. On January 17, 2012, the case was tried before a jury, and LaFleur was acquitted of solicitation. He settled a wrongful termination suit against Southern University and alleges he has been unable to find employment in athletic administration since the arrest.

## II.    Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

**III.    Discussion**

LaFleur claims his arrest by or under the supervision of Camp, Klevens, and Chief McClelland violated his Fourth Amendment right to be free from unlawful seizure. He also asserts malicious prosecution and false arrest under state law. The Court has previously dismissed his conspiracy claim. Doc. 26.

"Qualified immunity protects an official in the course of performance of his discretionary duties unless his conduct violates a 'clearly established [federal] statutory or constitutional right' of which a reasonable person would have known." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Although he was acquitted of solicitation by the jury, the undisputed evidence suggests LaFleur violated Tex. Penal Code Ann. § 43.02(a) ("A person commits an offense if the person knowingly: (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or (2) solicits another in a public place to engage with the person in sexual conduct for hire."). There is no genuine dispute that a reasonable officer under the circumstances could have found probable cause for the arrest. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (arresting officer is entitled to qualified immunity if "a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [the officer] was aware, there was a fair probability that [the defendant] had committed or was committing an offense"); *Crow v Relken*, 264 Fed.Appx. 421 (5th Cir. 2008) (affirming qualified immunity where officer flagged down car and offered oral sex for ten dollars and where "[t]he evidence does not establish that all reasonable police officers would have found probable cause lacking under the facts of this case.").

Sergeant Klevens, in turn, could rely on Camp's knowledge in carrying out the arrest. *United States v. Chappell*, 6 F.3d. 1095, 1100 (5th Cir. 1993) ("[P]olice officers may develop probable cause for a warrantless arrest on the basis of information communicated to them by other officers."). As for Chief McClelland, he is not subject to *Monell* liability for any municipal policy, because LaFleur has failed to establish an unconstitutional action caused by a municipal policy. *Monell v. Dep't. of Soc. Servs. v. New York*, 436 U.S. 658, 694 (1978)).

Even if Defendants were not reasonable in concluding there was probable cause, the alleged orderly arrest does not approach the sort of egregious conduct that has been found unconstitutional. *McClendon v. City of Columbia*, 305 F.3d 314, 337 (5th Cir. 2002). Whether Defendants crossed the line of entrapment and whether LaFleur ultimately solicited sex from Camp or vice versa are not before the Court and were resolved by the jury in his favor. The evidence shows Defendants carried out a routine, non-coercive undercover operation. *See Lewis v. United States*, 385 U.S. 206, 210, (1966) ("Were we to hold the deceptions of the agent in the case constitutionally prohibited, we would come near to a rule that the use of undercover agents in any manner is virtually unconstitutional per se."). Camp alleges LaFleur initiated "eye contact" (Doc. 31 at 2), while the audio transcript suggests Camp first addressed LaFleur. Doc. 31 at 3 ("Hi, how are you?"). Either way, LaFleur encouraged Camp to negotiate a price ("How much would it take take?") and agreed on an amount for a specific sex act ("I give you a suck n' a fuck for fifty." . . . "We can do that."). Doc. 31 at 3. Under the circumstances, a reasonable officer could conclude there was probable cause under the statute and proceed to arrest.

The elements of malicious prosecution are: (1) a criminal proceeding was commenced against the plaintiff; (2) the defendant initiated or procured the proceeding; (3) the proceeding was terminated in the plaintiff's favor; (4) the plaintiff was innocent of the crime charged; (5) the

defendant lacked probable cause to initiate the criminal proceeding; (6) the defendant acted with malice; and (7) the plaintiff suffered damages. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). LaFleur has not submitted any evidence that that "'the motives, grounds, beliefs, and other evidence' on which the defendant acted did not constitute probable cause" or that the proceeding against him was malicious. *Gunnels v. City of Brownfield*, 153 S.W.3d 452, 459 (Tex.App.—Amarillo 2004, pet. denied). In addition, his state law claims are limited by sovereign immunity, his failure to provide statutory notice within 90 days, and his election of remedies. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.106, 101.021, 101.101 (incorporating Houston, Tex. Charter, art. IX § 11).

**IV.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Doc. 31) is **GRANTED**. Plaintiff's Motions to Strike (Doc. 33, 34) are **DENIED** as **MOOT**.

SIGNED at Houston, Texas, this 13th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE